IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stephanie Hendrick, )<br>)<br>　　　　　Plaintiff, )<br>v. )<br>)<br>National Railroad Passenger Corporation )<br>d/b/a Amtrak and Norfolk Southern Railway )<br>Company, a corporation, Louis T. Burke, III, )<br>and Lynn Halberstadt, )<br>)<br>　　　　　Defendants. ) | No.<br><br>FILED: OCTOBER 30, 2008<br>08CV6220<br>JUDGE LINDBERG<br>MAGISTRATE JUDGE COLE<br>AO |

COMPLAINT

Now comes the Plaintiff, Stephanie Hendrick, by and through her attorneys, Richard J. Grossman, and Steinberg, Burtker & Grossman, Ltd., complaining of Defendants National Railroad Passenger Corporation d/b/a Amtrak (hereinafter "Amtrak"), and Norfolk Southern Railway Company, a corporation, (hereinafter "Norfolk"), Louis T. Burke, III, (hereinafter "Burke"), and Lynn Halberstadt, (hereinafter "Halberstadt"), and states as follows:

JURISDICTION

1.　　The Court has jurisdiction over the claims asserted herein by Plaintiff pursuant to 28 U.S.C. Sections 1331 and 1349.

VENUE

2.　　Venue is properly in this Court pursuant to 25 U.S.C. Section 1391. All of the events that took place occurred within the County of Cook, State of Illinois.

COMMON ALLEGATIONS

3. On and before November 30, 2007, Defendant Amtrak was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

4. On and before November 30, 2007, Defendant Norfolk was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

5. On November 30, 2007, Defendant Amtrak, through its employee and/or agent Defendant Burke, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

6. On November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 traveled onto a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant Amtrak.

7. In the alternative, on November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 traveled onto a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant Norfolk.

8. On November 30, 2007, Defendant Amtrak, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9. In the alternative, on November 30, 2007, Defendant Norfolk owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight year at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

10. On November 30, 2007, at approximately 11:32 a.m., Defendant Norfolk owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

11. On November 30, 2007, at approximately 11:32 a.m., Defendants Burke and Halberstadt were operating Amtrak train number 371 onto a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue n the City of Chicago, County of Cook, State of Illinois.

12. On November 30, 2007, at approximately 11:32 a.m., Amtrak train number 371 struck the rear of the Norfolk's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

COUNT I – National Railroad Passenger Corporation, d/b/a Amtrak

13. Plaintiff Stephanie Hendrick reasserts and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 12.

14. On November 30, 2007, Plaintiff Stephanie Hendrick was a paying passenger and boarded Amtrak train number 371, departing from the Amtrak station in Grand Rapids, Michigan.

15. On November 30, 2007, Defendant Amtrak, through its agents and/or employees, was a common carrier and owed Plaintiff Stephanie Hendrick the highest duty of care.

16. On November 30, 2007, at approximately 11:32 a.m., Amtrak, through its agents and/or employees, were negligent in one or more of the following ways:

> a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;
>
> b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;
>
> c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;
>
> d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    h.    Failed to slow the train pursuant to warnings on a track signal;

    i.    Failed to stop or slow the Amtrak train number 371 to avoid a collision;

    j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    k.    Operated the train without keeping a safe and proper lookout; and

    l.    Was otherwise negligent.

17.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant Amtrak, the Plaintiff, Stephanie Hendrick sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff Stephanie Hendrick prays for judgment against Defendant National Railroad Passenger Corporation d/b/a Amtrak for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT II – Louis T. Burke, III

18.    Plaintiff Stephanie Hendrick reasserts and realleges, as if fully set forth herein, the allegations of paragraph 1 through 12.

19. On November 30, 2007, Plaintiff Stephanie Hendrick was a paying passenger and boarded Amtrak train number 371, departing from the Amtrak Station in Grand Rapids, Michigan.

20. On November 30, 2007, Amtrak, through its agents and/or employees, including Defendant Burke, was a common carrier and owed Plaintiff Stephanie Hendrick the highest duty of care.

21. On November 30, 2007, at approximately 11:32 a.m., Defendant Burke was negligent in one or more of the following ways:

> a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;
>
> b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;
>
> c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;
>
> d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;
>
> e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

  f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

  g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

  h. Failed to slow the train pursuant to warnings on a track signal;

  i. Failed to stop or slow the Amtrak train number 371 to avoid a collision;

  j. Operated a passenger train at a rate of speed that was greater than was reasonable;

  k. Operated the train without keeping a safe and proper lookout; and

  l. Was otherwise negligent.

22. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant Burke, the Plaintiff, Stephanie Hendrick sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff Stephanie Hendrick prays for judgment against Defendant Louis T. Burke, III for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

### COUNT III – Lynn Halberstadt

23. Plaintiff Stephanie Hendrick reasserts and realleges as if fully set forth herein, the allegations of paragraph 1 through 12.

24. On November 30, 2007, Plaintiff Stephanie Hendrick was a paying passenger and boarded Amtrak train number 371, departing from the Amtrak Station in Grand Repids, Michigan.

25. On November 30, 2007, Amtrak, through its agents and/or employees, including Defendant Halberstadt, was a common carrier and owed Plaintiff Stephanie Hendrick the highest duty of care.

26. On November 30, 2007, at approximately 11:32 a.m., Defendant Burke was negligent in one or more of the following ways:

> a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;
>
> b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;
>
> c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;
>
> d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;
>
> e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;
>
> f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;
>
> g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

      h.      Failed to slow the train pursuant to warnings on a track signal;

      i.      Failed to stop or slow the Amtrak train number 371 to avoid a collision;

      j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

      k.      Operated the train without keeping a safe and proper lookout; and

      l.      Was otherwise negligent.

27.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant Halberstadt, the Plaintiff, Stephanie Hendrick sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff Stephanie Hendrick prays for judgment against Defendant Lynn Halberstadt for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT IV – Norfolk Southern Railway Company

28.    Plaintiff Stephanie Hendrick reasserts and realleges as if fully set forth herein, the allegations of paragraphs 1 through 12.

29.    On November 30, 2007, Defendant Norfolk, through its agents and/or employees owed Plaintiff Stephanie Hendrick a duty to exercise reasonable care.

30.    On November 30, 2007, at approximately 11:32 a.m., Defendant Norfolk was negligent in one or more of the following ways:

      a.      Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the Amtrak train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

31. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant Norfolk, the Plaintiff, Stephanie Hendrick sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff Stephanie Hendrick prays for judgment against Defendant Norfolk Southern Railway Company for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests that her claim in this action be decided by a jury.

Respectfully submitted,

/s/ Richard J. Grossman
Richard J. Grossman

Richard J. Grossman
Steinberg, Burtker & Grossman, Ltd.
55 East Monroe Street
Suite 2920
Chicago, Illinois 60603
(312) 726-4444
ARDC No. 01072668